UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD A FISHER,

               Petitioner,

v.

STATE OF WASHINGTON,

               Respondent.

Case No. C19-5296 BHS-TLF

REPORT AND RECOMMENDATION

Noted for **August 12, 2019**

Petitioner Richard A. Fisher, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. 8. Petitioner challenges his 2018 conviction and sentence for multiple counts of child molestation, rape of a child, forcible rape, and sexual exploitation of a minor. *Id*. The Court declined to serve his petition, because the Court concluded upon review that the petition was subject to dismissal, due to a failure to exhaust state court remedies. Dkt. 11. The Court ordered petitioner show cause as to why his petition should not be dismissed without prejudice. *Id*. On June 24, 2019, petitioner filed a response to the order to show cause, conceding that his claim was unexhausted but contending that exhaustion of his state remedies was inappropriate due to the constitutional nature of his claim. Dkt. 12.

Petitioner's response has neither addressed the exhaustion requirement nor shown that state remedies would be ineffective to protect his rights. Accordingly, the Court recommends that the unexhausted petition be dismissed without prejudice.

REPORT AND RECOMMENDATION - 1

# DISCUSSION

*I.    Exhaustion*

Before a federal writ of habeas corpus may issue, a state prisoner must exhaust all state judicial remedies by a full and fair presentation of any federal claims to the state courts. 28 U.S.C. § 2254(b)(1). In accordance with the principles of federalism, state courts have the statutory right to first adjudicate the constitutional claims raised by state prisoners, before a federal court may consider the case. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). After the highest state court has made its determination, a worthy habeas petitioner may then properly present his claims to the federal courts, if he can show that the state court's adjudication was "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Where a case remains under appeal, a habeas petition is premature. *See Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir. 1983) (petitioner seeking federal habeas relief must await the outcome of his state court appeal).

Petitioner's judgment and sentence remain under direct appeal in the state courts, and his appeal to the state courts does not raise the claims he proposed to present in his habeas petition. Dkt. 8 at 3. The Court advised petitioner in its order that the petition was unexhausted and premature. Dkt. 11. Petitioner argues that this court has original jurisdiction over any alleged violation of the Constitution, and in the alternative, he purports to cite two statutes other than 28 U.S.C. § 2254 that might grant the court jurisdiction over his unexhausted claims, 28 U.S.C. § 2241 and 28 U.S.C. § 1343. Dkt. 12 at 2-6.

This argument fails, because petitioner's claims, challenging his confinement in state custody, fall squarely in the purview of the habeas statute in 28 U.S.C. § 2254. Merely alleging a constitutional violation does not make jurisdiction in federal courts proper, as "federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."

*Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation and internal quotation omitted). Furthermore, neither of the statutes that plaintiff cites relieve him from the exhaustion requirements of § 2254, which is the exclusive source of habeas relief for state prisoners. The general grant of habeas authority provided by § 2241 is available only for federal, or non-state, prisoners. *White v. Lambert*, 370 F.3d 1002, 1006-7 (9th Cir. 2004). While 28 U.S.C. § 1343(a)(3) gives district courts original jurisdiction over civil actions regarding equal rights violations, the statute cannot be used by a state prisoner to circumvent the exhaustion requirement in a bid to challenge the fact of his detention. *See Smartt v. Avery*, 411 F.2d 408, 409 (6th Cir. 1969).

II.  Available remedies

Under the applicable habeas statute, therefore, the Court may consider an unexhausted federal habeas petition *only* if it appears "there is an absence of available State corrective process… or circumstances exist which render such process ineffective to protect the rights of the applicant." 28 U.S.C. 2254(b)(1)(B). If there is a state remedy available, the Petition should be dismissed without prejudice and Petitioner will need to return to the state level to exhaust his claims. *See Johnson v. Lewis*, 929 F.2d 460, 464 (9th Cir. 1991).

Petitioner has a state remedy available in the filing of a personal restraint petition or other collateral attack on his judgment. Washington State imposes a one-year statute of limitations on the filing of a personal restraint petition or other post-conviction challenge. RCW § 10.73.090. In this case, Petitioner has a direct appeal currently pending. Dkt. 6 at 3. He may file a petition or motion for post-conviction relief with the court within one year from the date the appellate court issues its mandate disposing of his timely direct appeal from the conviction, or from the date that the United States Supreme Court denies a timely petition for certiorari to review a decision affirming the conviction on direct appeal. *See* RCW § 10.73.090(3)(b), (c). Thus, Petitioner still

REPORT AND RECOMMENDATION - 3

has the full one-year tolling period from the date of this Report and Recommendation to file for post-conviction relief in state court.

Petitioner appears to disagree with the exhaustion requirement and the state court's jurisdictional authority, presumably under the impression that the state would not fairly adjudicate claims of unconstitutional action against itself. Dkt. 8 at 7-8. Petitioner also appears to respond to arguments made in another petitioner's case (referring to the respondent's indication that these claims would not be heard in state court, although his own petition has not been served on the respondent), but those are immaterial to the present case. A bare suspicion of bias cannot show that state corrective processes are unavailable or ineffective in petitioner's own case. Accordingly, the court finds that petitioner has failed to properly exhaust his state remedies and that state remedies remain available to him. The court recommends the petition be dismissed without prejudice. *See Hill v. Hill*, 2001 WL 34727917 (D. Or. June 29, 2001).

## CERTIFICATE OF APPEALABILITY

If the District Court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court recommends that petitioner not be issued a COA. No jurist of reason could disagree with the above evaluation of his constitutional claims or conclude that the issues presented deserve encouragement to proceed further. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

**CONCLUSION**

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of *habeas corpus* without prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **August 12, 2019**, as noted in the caption.

Dated this 29th day of July, 2019.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5